IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TONYA BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0632-CV-W-ODS |
| ) | |
| DOLGENCORP, INC., ) | |
| NANCY MOTOT, and TODD WRIGHT, ) | |
| ) | |
| Defendants. ) | |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Plaintiff filed this suit in state court on June 27, 2006. Defendants removed the case to federal court, alleging federal jurisdiction exists based on diversity of citizenship. Dolgencorp, Inc. is a Kentucky corporation with its principal place of business in Tennessee, but the other two defendants are citizens of Missouri. Nonetheless, Defendants contend the individuals were fraudulently joined for the purpose of destroying diversity and should be disregarded. The Court disagrees, and grants Plaintiff's Motion to Remand (Doc. # 7).

In order to have jurisdiction, the Court must conclude the individual defendants were fraudulently joined. Conversely, if they were not fraudulently joined, the case must be remanded. The Eighth Circuit has recently articulated the fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002). If there is a reasonable basis in fact and law that supports the claim, joinder is not fraudulent. Filla, 336 F.3d at 810.

In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." Id. (emphasis added). Where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Id. (quoting Iowa Pub. Serv. Co., 556 F.2d at 406). Finally, the party seeking removal and opposing remand has the burden of demonstrating that federal jurisdiction exists. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1995) (per curiam) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)).

Defendants' primary argument focuses on Plaintiff's claims under the Missouri Human Rights Act ("MHRA"), which they allege does not allow a cause of action against individuals such as supervisors. As Filla demonstrates, the question is not whether the MHRA allows for such a claim, but whether Missouri courts might conclude that it does. The answer to this is easy, given that some Missouri courts have concluded such a cause of action is viable. E.g., Cooper v. Albacore Holdings, Inc., 2006 WL 2472650 (Mo. Ct. App. Aug. 29, 2006). There is no need to replicate or even defend the Missouri Court of Appeals' reasoning: the simple fact that it upheld the existence is sufficient to demonstrate Plaintiff has not fraudulently joined the individual defendants.

Defendants rely on Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377 (8th Cir. 1995) to argue the MHRA does not allow claims against individuals. Lenhardt addressed a related, but different, issue: whether the Missouri Supreme Court would

2

hold that an individual officer or employee can be held liable as an employer under the MHRA. This inquiry was necessitated by the presence of a case over which federal jurisdiction existed and the need to arrive at a definitive answer as to the content of state law for purposes of deciding whether a legally cognizable claim had been stated. Filla cautions against arriving at a definitive answer as to the content of state law; when assessing fraudulent joinder, the Court is required to construe state law in favor of the plaintiff, precisely so that state courts have a proper opportunity to construe their own laws. Lenhardt appears to answer the same question presented in this case, but it does so from a different perspective and for a different purpose.

Missouri courts might conclude the MHRA imposes liability on individuals, so the individual defendants have not been fraudulently joined. The motion to remand is granted and the case is remanded to state court. The motion to dismiss shall remain pending for the state court to consider.

IT IS SO ORDERED.

DATE: September 14, 2006

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, JUDGE  
UNITED STATES DISTRICT COURT